Dear Representative Johns:
We are in receipt of your request for an Attorney General's opinion regarding the Calcasieu Parish School Board's (the "School Board") proposed plan to modify the percentage of premium contributions it makes for enrollees who enroll in the School Board's health plan on or after January 1, 2004.
According to your correspondence, and the enclosures included therewith, the School Board has in place a plan of group health insurance for its employees, retirees and their dependents, which plan is independent of the plan(s) offered by the Office of Group Benefits. Currently, the School Board pays 62% of the premium cost of enrollees in its existing plan for active employees and retirees, and 50% of the premium cost of enrollees' dependents. The School Board is now interested in modifying the structure of its premium contributions for enrollees who enroll in the School Board's health plan on or after January 1, 2004. Pursuant to the School Board's proposed plan, the School Board's percentage of contribution toward those enrollees' health insurance premiums will vary, depending upon the number of years each enrollee and his or her dependents have been enrolled in the plan at the time of the enrollee's retirement.
The first issue you present for our review is whether the School Board may adopt this modification to its group health insurance program, particularly where the percentage of contributions contemplated to be paid by the School Board toward the premiums of affected retirees will be somewhat less than the percentage of contributions statutorily required to be paid by the state toward the premiums of its retirees in accordance with LSA-R.S. 42:851A(1)(d). The second issue presented for our review is whether the School Board's proposed plan modification must receive the approval of the Office of Group Benefits in accordance with LSA-R.S. 42:851A(2), and whether the Office of Group Benefits has the discretion to approve contributions which differ from those made by the state with respect to the Office of Group Benefits program.
With respect to the first issue presented in your request, we direct your attention to LSA-R.S. 42:851(1)(a), which clearly and specifically authorizes "the governing boards and authorities of each public elementary and secondary school system in this state" to procure private contracts of group health insurance for their employees. See also the authority granted school boards with respect to group insurance at LSA-R.S. 17:1221, et seq. Our research revealed no provision of law that would prohibit the School Board from adopting a modification such as that described in your request.
LSA-R.S. 42:851A(2) is pertinent to the second issue presented for our review. With respect to privately procured contracts of insurance, self-funded plans and self-operated plans of insurance, that provision provides:
 "The contributions of employees, officials, or department heads to the premiums for such benefits may be deducted by the employer from the salaries of the employees, officials, or department heads when authorized in writing by the respective persons. However, the amount paid toward the premium by the state or any of its governmental and administrative subdivisions, departments, or agencies and the governing boards and authorities of each state university, college, or public elementary and secondary school system of the state shall be subject to the approval of the office."[1]
(Emphasis added).
LSA-R.S. 42:851A(2) clearly and unquestionably requires that the amount of contributions a school board pays toward its employee's health insurance benefits must receive the approval of the Office of Group Benefits. As such, we are constrained to opine that the premium modifications proposed by the Calcasieu Parish School Board must receive the approval of the Office of Group Benefits before such modifications can be given effect.
It is our further opinion that the Office of Group Benefits has the discretion to approve or disapprove such premium contributions, even if the percentage of contributions the School Board will make are less than the percentage of contributions differ from those made by the state with respect to the Office of Group Benefits program in accordance with LSA-R.S. 42:851A(1)(c) and (d). Neither LSA-R.S. 42:851(A), nor any other provision of law researched by this office in connection with this request provides any limitation whatsoever upon the discretion of the Office of Group Benefits with regard to its approval, or any criteria upon which the Office of Group Benefits should base its approval or disapproval.
In reaching our determination herein, we are guided by the following rules of statutory construction: Legislation is a solemn expression of legislative will. LSA-C.C. Art. 2. When the wording of a section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. LSA-R.S. 1:4. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.LSA-C.C. Art. 9. Words and phrases shall be read with their context and shall be construed according to common and approved usage of language.LSA-R.S. 1:3. The word "shall" is mandatory. LSA-R.S. 1:3.
The undersigned has had the opportunity to discuss this matter with legal counsel and representatives of the Calcasieu Parish School System, as well as legal counsel and representatives of the Office of Group Benefits. Both the Calcasieu Parish School System and the Office of Group Benefits are of the view that the requirement for the Office of Group Benefits' approval of the contributions a school board makes toward the premiums of its employees and retirees is a vestige of prior legislation, now repealed or reenacted, which required the OGB to approve and certify certain aspects of the group health insurance plans of the school boards of this state.
This office has a great deal of respect for the opinions and views expressed by the representatives and counsel of both the School Board and the Office of Group Benefits, and we agree that a requirement for the Office of Group Benefits to approve the premium structures adopted by school boards may be obsolete. However, it is the responsibility of this office to opine and report upon the law as we find it, and as set forth by the legislature. We suggest that these issues be brought to the attention of the legislature, for repeal of the appropriate portions of Title 42, Chapter 12, if the requirement for the Office of Group Benefits' approval of school board premium contributions is no longer necessary or desirable.[2]
We trust the foregoing to be helpful. Please do not hesitate to contact us if we can be of any further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
xc: Mr. A. Kip Wall, Chief Executive Officer, Office of Group Benefits
Mr. Tommy Benoist, Special Counsel, Office of Group Benefits
Mr. Ron Hayes, Risk Manager, Calcasieu Parish School System
Mr. James Spruel, Assistant District Attorney, Calcasieu Parish
Mr. Greg Balfour, Attorney at Law
Date Released: September 12, 2003
[1] In accordance with LSA-R.S. 42:801, the term "office", as used in LSA-R.S. 42:851, means the Office of Group Benefits.
[2] We note a similar requirement for approval of premium contributions made by school boards toward policies or plans of group life and group accidental death and dismemberment insurance at LSA-R.S. 42:821.